## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* LOUIS SCHEWE, APPELLANT.

*Intoxicating liquors — the jury is to decide whether or not lager beer is intoxicating — admissibility of evidence to prove its intoxicating qualities — the defendant may be asked on cross-examination whether his license has been previously revoked for a violation of the excise law.*

APPEAL from a judgment, entered upon the verdict of a jury in in the Court of Sessions of Cayuga county.

The defendant was convicted and sentenced to pay a fine of $150 and to an imprisonment of sixty days, for a violation of the excise law in selling lager beer without a license to be drank on his premises.

The court at General Term said: "In *Rau* v. *The People* (63 N. Y., 279), the Court of Appeals said: 'Hitherto the courts have not been willing to take notice that lager beer is intoxicating, but have submitted the question when controverted to the jury, to be determined upon the evidence. The plain and obvious intention of the section is to prohibit the sale of all intoxicating liquors, and where the liquors are not such as are known to the courts to be intoxicating, their character *as intoxicating or not* must be determined, as it was in this case, upon competent evidence as a qestion of fact.'

"Following the rule we have quoted the Court of Sessions in this case received evidence tending to show that lager beer is intoxicating, and evidence tending to show that the lager beer sold by the defendant was not intoxicating, and then carefully and fully sub-

mitted the question of fact to the jury, and they have found against the defendant, and after reading the evidence in the appeal book, we feel prepared to say the evidence fairly warranted the verdict.

"We agree with WELLS, J., when he says, in *Commissioners of Excise* v. *Taylor* (21 N. Y., 178), 'that but one safe and sensible line of distinction can be drawn between the different kinds of liquor containing alcohol in order to determine upon which of them the statute was intended to operate, and that is between those which are capable of causing intoxication, and those containing so small a per centage of alcohol that the human stomach cannot contain sufficient of the liquor to produce that effect.'

" Of course we are not unmindful of the fact that different liquors and different quantities will produce different effects upon different persons, and that the effect upon persons may depend upon their habits, their health, their age and constitutions. In the case before us the trial court had all these considerations before it and many others, and was called upon to submit, as it properly did, the case to the jury.

" Hull, as a witness called for the people, and who said he had drank lager beer at different times in the defendant's garden adjoining defendant's house, was asked if he had ever seen persons 'intoxicated on lager,' and the defendant made a general objection thereto, which was overruled by the court.

" It is now urged that the inquiry ought to have been confined to the beer sold by the defendant.

" If the trial court had been asked to thus confine the inquiry, we cannot say that it would not have complied, and we can say that the point now taken should have been raised at the trial. (*Salisbury* v. *Howe*, 87 N. Y., 134.) Nor was it error to allow Dr. Hamlin to give an answer to the question, viz. : 'In your opinion can the human stomach contain enough of beer containing $2\frac{11}{100}$ per cent of alcohol by weight to ordinarily or commonly intoxicate?'

" The objection was general and the evidence tended to support the issue. The case of *Manke* v. *People* (17 Hun, 414) is distinguishable, for there the question was objected to upon the ground 'that the opinion of the witness was incompetent and improper, and on the ground that the subject was not one of science or skill.'

" Nor was it error to exclude the offer to show by witness

Gardner, a revenue officer, 'that he told all applicants that they should pay twenty-five dollars, and that it was the universal practice to take the twenty-five dollar license instead of the twenty dollar one.' It was too broad; it was immaterial what the revenue officers told other appellants, and it was immaterial what the 'universal practice' was in that regard, nor was the custom for parties who only sell ale or beer to obtain the twenty-five dollar license pertinent or useful evidence; it was properly excluded. (*Bellinger* v. *Gray*, 51 N. Y., 610.) A violation of a statute cannot be justified by custom. (*Fellows* v. *Mayor*, 17 Hun, 254.)

"Defendant was sworn in his own behalf, and gave evidence material to the issue, and in the course of his cross-examination he was asked if his license had been taken away, and he replied it had; and he was then asked upon what charge the license had been taken away, to which question an objection and exception were taken. The witness answered, 'for violation of the excise law,' and he was then asked, 'Wasn't the charge for selling on Sunday?' to which the defendant's counsel objected and excepted, and the witness answered, 'I think it was; it was two years ago, I think.' A revocation of a license is provided for by section 4 of chapter 549, of the Laws of 1873, and the proceedings for such revocation are in the nature of a trial (*People ex rel. Beller* v. *Wright*, 3 Hun, 306), and the accused is entitled to notice. The question was proper in a cross-examination. (*People* v. *Crapo*, 76 N. Y., 288; *Grow* v. *Garlock*, 15 Week. Dig., 259; Code of Civ. Pro., § 832, and amendment of 1879.)

*John D. T. Teller*, for the appellant.

*R. L. Drummond*, district-attorney, for the respondent.

Opinion by HARDIN, J.; SMITH, P. J., concurred.

Present — SMITH, P. J., and HARDIN, J.

Conviction and judgment affirmed, and proceedings remitted to the Court of Sessions of Cayuga county, to proceed therein.